AKRON BAR ASSOCIATION *v.* GATSKIE.

[Cite as *Akron Bar Assn. v. Gatskie,* 105
Ohio St.3d 327, 2005-Ohio-1828.]

(No. 2004–1807—Submitted January 12, 2005—Decided May 4, 2005.)

---

**Per Curiam.**

{¶ 1} Respondent, James M. Gatskie Sr., of Akron, Ohio, Attorney Registration No. 0024727, was admitted to the practice of law in Ohio in 1974.  On December 8, 2003, relator, Akron Bar Association, charged respondent with having violated the Code of Professional Responsibility.  A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on stipulations and other

evidence, made findings of misconduct and a recommendation, all of which the board adopted.

## Misconduct

{¶ 2} Respondent, a former police officer, practiced law for 21 years as a public defender and is now in private practice. On October 30, 2002, after his adult son complained to authorities about threatening remarks that respondent had allegedly made, respondent was arrested at his home. At the time of his arrest, respondent had a large gun collection in his house and was also intoxicated.

{¶ 3} Respondent subsequently pleaded guilty in Summit County Common Pleas Court to violating R.C. 2919.25 (domestic violence), a fourth-degree misdemeanor; R.C. 2923.13(A)(4) (possession of weapons while under a disability, i.e., chronic alcoholism), a fifth-degree felony; R.C. 2903.211 (menacing by stalking), a fifth-degree felony; and R.C. 2921.04(B) (attempted intimidation of a crime victim or witness), a misdemeanor. The weapons charge to which respondent pleaded guilty apparently resulted from his having guns in his home. Respondent assured the panel that the other charges against him did not involve weapons.

{¶ 4} The incidents that led to respondent's arrest stemmed from a volatile relationship between respondent and his son, with whom respondent no longer has contact. At the panel hearing, respondent testified that he had initially been told that a series of misdemeanor charges had been brought against him, including a domestic-violence charge that mandated his arrest, and he had arranged to sign the summons in lieu of arrest. According to respondent, his son then embellished his story, and felony indictments were also handed down.

{¶ 5} For the domestic-violence conviction, respondent was sentenced to a 30–day jail term, all of which was suspended. On February 28, 2003, the court granted respondent's motion for treatment in lieu of conviction as to the other offenses and ordered a stay in the criminal proceedings for a period not to exceed three years.

{¶ 6} Thereafter, respondent successfully completed an inpatient alcoholism-treatment program at Glenbeigh Hospital. On April 28, 2003, respondent voluntarily entered into an agreement with the Ohio Lawyers Assistance Program ("OLAP") to help him sustain his sobriety. Respondent has since complied with all the terms of the Summit County Common Pleas Court order and his OLAP contract.

{¶ 7} Based on the foregoing facts, the parties stipulated and the board found that respondent had violated DR 1–102(A)(6), which prohibits a lawyer from engaging in conduct that adversely reflects on his fitness to practice law.

## Sanction

{¶ 8} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found that respondent had no prior disciplinary offenses and had not acted out of dishonesty or selfishness. See BCGD Proc.Reg. 10(B)(2)(a) and (b). The board found that there had not been a pattern of misconduct, that respondent had been charged with violating only one Disciplinary Rule, that respondent had cooperated in the disciplinary process, and that he had forthrightly acknowledged the wrongfulness of his conduct. See BCGD Proc.Reg. 10(B)(2)(d) and 10(B)(1)(c), (d), and (g). In addition, the board found that there was no restitution to be made and that respondent had a good reputation in his community. BCGD Proc.Reg. 10(B)(2)(c) and (e). A letter from the judge who presided over his criminal case notes that respondent "continues to represent his clients with diligence without any complaints from the bench."

{¶ 9} The Summit County Common Pleas Court determined that respondent's alcohol abuse contributed to his criminal activity, and the board agreed with that determination. See BCGD Proc.Reg. 10(B)(2)(g). The board also considered the price respondent had already paid for his misconduct. BCGD Proc.Reg. 10(B)(2)(f). Respondent spent 93 days in jail as a result of the charges against him. His gun collection, which he estimated to be worth $7,500, was confiscated by the state. Respondent's care at Glenbeigh Hospital, a residential treatment facility, cost him $6,200.

{¶ 10} Beyond this, respondent submitted that he has been sober since November 2002 and that he had remarried within the last few years. He explained that his new wife strongly supports his recovery and also helps him manage the home office from which he now practices. Moreover, in addition to treatment for his alcoholism, respondent also completed anger-management and family counseling. His probation officer related that respondent has "made significant changes in his lifestyle and his way of thinking."

{¶ 11} As a sanction for his misconduct, respondent suggests a one-year suspension from the practice of law, all stayed. The panel noted that respondent had spent 93 days in jail, forfeited $7,500 worth of property, paid $6,200 for treatment, and is in full compliance with his OLAP agreement and the Summit County Common Pleas Court order. In view of these facts, the panel recommended a six-month suspension, with the entire suspension stayed on the condition that respondent continue to comply with his OLAP contract and the terms set forth in the Summit County court order. The board adopted the panel's findings and recommendation.

{¶ 12} Upon review, we agree that respondent violated DR 1–102(A)(6) and that the sanction recommended by the board is appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months; however, the entire six-month suspension is stayed on the condition that respondent continue to comply with his OLAP contract and the Summit County Common Pleas Court order. If respondent fails to comply with either, the stay shall be lifted and respondent shall serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

MOYER, C.J., and O'CONNOR, J., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 13} I respectfully dissent from the majority opinion with respect to the sanction imposed on respondent.

{¶ 14} The parties had stipulated to a one-year suspension from the practice of law, all stayed. However, the majority elects to impose a less severe sanction, in part because respondent's gun collection was forfeited to the state and because respondent paid $6,200 to participate in an alcoholism-treatment program. I do not believe that these facts warrant imposition of a sanction that is less severe than the one agreed to by the parties.

{¶ 15} For this reason, and because I believe the sanction to which the parties stipulated was appropriate given respondent's misconduct, I would suspend respondent from the practice of law for one year, stayed on the conditions imposed by the majority.

O'CONNOR, J., concurs in the foregoing dissenting opinion.

---

Thomas B. Squires, Kevin Sanislo, and John Martin, for relator.

George M. Miller, for respondent.